UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MIRNA HERNANDEZ, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. |
|  | ) 16-10797-FDS |
| CITY OF BOSTON; Commissioner of Public Works JOANNE MASSARO; Superintendent of Bridges and Buildings FOUAD HAMZEH; BEC ELECTRICAL, INC.; CORA OPERATIONS, LLC; CORA OPERATIONS, INC.; ADVANCED ALARM SYSTEMS; HARDESTY & HANOVER, LLP; HARDESTY & HANOVER, LLC; HARDESTY & HANOVER HOLDING, LLC; B&B ELECTROMATIC, INC; B&B ELECTROMATIC CORPORATION; B&B ROADWAY, LLC; and B&B ARMR, | ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTION TO DISMISS
AND PLAINTIFF'S MOTION TO STRIKE**

This suit arises from the tragic death of Aura Beatriz Garcia. On December 31, 2013, Garcia was walking across the Andrew McArdle Bridge, a drawbridge in East Boston, Massachusetts. According to the complaint, the bridge tender opened the bridge without first checking to see if any pedestrians were crossing. (Am. Compl. ¶ 44). The bridge opened while Garcia was walking across it, and then closed on top of her, causing her death. (*Id.* ¶ 45). Mirna Hernandez, Garcia's sister and the personal representative of her estate, has brought suit against multiple defendants.

The amended complaint includes claims against Hardesty & Hanover, LLP, Hardesty & Hanover, LLP, and Hardesty & Hanover Holding, LLC for gross negligence and wrongful death pursuant to Mass. Gen. Laws ch. 229, § 2 (Counts Five, Six, and Seven) and for deprivation of rights under 42 U.S.C. § 1983 (Counts Eighteen, Nineteen, and Twenty).  The complaint alleges that the Hardesty & Hanover defendants were responsible for installing and maintaining appropriate and adequate video cameras and surveillance equipment on or near the McArdle Bridge, and that they did so negligently and with deliberate indifference to the safety of pedestrians who may cross the bridge.  (*See, e.g.*, Am. Compl. ¶¶ 94, 96-97, 225-227).

The Hardesty & Hanover defendants have moved to dismiss all claims against them pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that the claims are barred by the Massachusetts statute of repose, Mass. Gen. Laws ch. 260, § 2B.  The statute provides as follows:

> Actions of tort damages arising out of any deficiency or neglect in the design, planning, construction, or general administration of any improvement to real property, other than that of a public agency . . . shall be commenced within three years next after the cause of action accrues; provided, however, that in no event shall such actions be commenced more than six years after the earlier of the dates of:  (1) the opening of the improvement to use; or (2) substantial completion of the improvement and the taking of possession for occupancy by the owner.
>
> Actions of tort for damages arising out of any deficiency or neglect in the design, planning, construction, or general administration of any improvement to real property of a public agency . . . shall be commenced only within three years next after the cause of action accrues; provided, however, that in no event shall actions be commenced more than six years after the earlier of the dates of:  (1) official acceptance of the project by the public agency; (2) the opening of the real property to public use; (3) the acceptance by the contractor of a final estimate prepared by the public agency . . .; or (4) substantial completion of the work and the taking possession for occupancy by the awarding authority.

Mass. Gen. Laws ch. 260, § 2B.  In support of their motion to dismiss, the Hardesty & Hanover defendants have submitted various exhibits that they contend demonstrate that

that statute of repose applies to bar the claims against them. Plaintiff has moved to strike those documents.

"Under Rule 12(b)(6), [a] district court may properly consider only facts and documents that are part of or incorporated into the complaint." *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008). It is within a court's discretion to convert a Rule 12(b)(6) motion to dismiss into a motion for summary judgment pursuant to Rule 56 and consider the materials outside the pleadings. *Id.* However, before converting a motion to dismiss into a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Alternatively, a court can "ignore the supplemental materials submitted with the motion papers and determine the motion under the Rule 12(b)(6) standard." *Trans-Spec Truck Serv., Inc.*, 524 F.3d at 321.

The Court declines to consider the supplemental materials at this time. Based on the facts as pleaded in the complaint, without the supplemental materials, it cannot be determined whether or not the statute of repose applies. Defendants' motion to dismiss is therefore DENIED. That denial is without prejudice to the raising of the same or similar issues in a motion for summary judgment. Plaintiff's motion to strike is DENIED as moot.

**So Ordered.**

Dated: April 27, 2017

s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge