UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIRNA HERNANDEZ, ) ) Plaintiff, ) ) v. ) ) CITY OF BOSTON; Commissioner of ) Public Works JOANNE MASSARO; ) Superintendent of Bridges and ) Buildings FOUAD HAMZEH; BEC ) ELECTRICAL, INC.; CORA OPERATIONS, ) LLC; CORA OPERATIONS, INC.; ) ADVANCED ALARM SYSTEMS; ) HARDESTY & HANOVER, LLP; ) HARDESTY & HANOVER, LLC; ) HARDESTY & HANOVER HOLDING, LLC; ) B&B ELECTROMATIC, INC; B&B ) ELECTROMATIC CORPORATION; B&B ) ROADWAY, LLC; and B&B ARMR, ) ) Defendants. ) | Civil Action No. 16-10797-FDS |

### MEMORANDUM AND ORDER ON
### DEFENDANT'S MOTION TO DISMISS CROSS-CLAIMS

**SAYLOR, J.**

This suit arises from the tragic death of Aura Beatriz Garcia on December 31, 2013. The deceased was walking across the McArdle Bridge, a drawbridge in East Boston, when it opened and closed, causing her death.

Mirna Hernandez, Garcia's sister and the personal representative of her estate, brought suit against multiple defendants, including Hardesty & Hanover, LLP, Hardesty & Hanover, LLC, and Hardesty & Hanover Holding, LLP (collectively, the "Hardesty & Hanover

Defendants"), and the City of Boston. The complaint includes claims for gross negligence, wrongful death and violations of Garcia's civil rights under 42 U.S.C. § 1983.[1] The Hardesty & Hanover Defendants have filed cross-claims against all of their co-defendants seeking indemnification, or alternatively contribution. Defendant City of Boston has moved for dismissal of those cross-claims. For the reasons stated below, that motion will be denied.

## I. Background

The McArdle Bridge is a two-lane drawbridge in East Boston, Massachusetts, that carries Meridian Street across the Chelsea River. (2d Am. Compl. ¶ 3). The bridge is owned, operated, and managed by the City of Boston. (*Id.*). It is raised and lowered by a bridge tender, who sits in a booth close to the bridge. (*Id.* ¶¶ 31, 37-38). According to the complaint, the Hardesty & Hanover Defendants were responsible for installing and maintaining video and surveillance equipment on the bridge. (*Id.* ¶¶ 40-41).

On December 31, 2013, at approximately 12:25 p.m., Garcia walked across the bridge. (*Id.* ¶ 37). The spotlights on the bridge were not working. (*Id.* ¶ 36). According to the complaint, the bridge tender opened the bridge while Garcia was walking across it, without first ensuring that the bride was clear of pedestrians. (*Id.* ¶ 38). As the bridge opened, Garcia clung to one of the bridge plates and screamed for help. (*Id.* ¶ 39). The bridge tender then closed the bridge on top of her, crushing her and causing her death. (*Id.*).

Plaintiff Mirna Hernandez, Garcia's sister and the personal representative of her estate, has brought suit against multiple defendants, including the City of Boston and Hardesty & Hanover Defendants. The complaint sets forth claims against these defendants for wrongful death and deprivation of Fourteenth Amendment due process rights pursuant to § 1983.

---

[1] The Court granted motions to dismiss the claims under 42 U.S.C. § 1983 as to several defendants, including the City of Boston, on April 25, 2017.

On May 22, 2017, the Hardesty & Hanover Defendants filed a cross-claim for indemnification and contribution against all other defendants in the case. On June 23, the City of Boston filed a motion to dismiss the cross-claims against it for failure to state a claim.

## II. Legal Standard

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give . . . [cross-claimant] the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the cross-complaint must state a claim that "is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the [cross-complaint] are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the cross-complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

## III. Analysis

### A. Whether the Cross-Claim States a Claim for Indemnification

A right to indemnification can arise in three ways. *Araujo v. Woods Hole, Martha's Vineyard, Nantucket S.S. Auth.*, 693 F.2d 1, 2 (1st Cir. 1982). First, a right to indemnification can be created by express agreement. *Id.* Second, "a contractual right to indemnification may be

3

implied from the nature of the relationship between the parties." *Id.* Third, "a tort-based right to indemnification may be found where there is a great disparity in the fault of the parties." *Id.*

The City of Boston contends that the cross-claim fails to allege facts sufficient for a contractual right to indemnification.[2] The Hardesty & Hanover Defendants largely concede this point, as their opposition makes no reference to the contract-based theory. In any event, the cross-claim contains no factual pleadings that plausibly support the existence of a special relationship between them and the City of Boston.

A tort-based, or common-law, right to indemnification is available "where the person seeking indemnification did not join in the negligent act of another but was exposed to liability because of that negligent act." *Rathbun v. Western Mass. Elec. Co.*, 395 Mass. 361, 364 (1985). It is "[d]esigned to shift the whole loss upon the more guilty of the two tortfeasors," and "has usually been available only when the party seeking it was merely passively negligent while the would-be indemnitor was actively at fault." *Araujo*, 693 F.2d at 3. Furthermore, "[p]assive negligence has been limited to instances in which the indemnitee was vicariously or technically liable." *Id.* However, "[w]here the party seeking indemnification was itself guilty of acts or omissions proximately causing the plaintiff's injury, tort indemnification is inappropriate." *Id.*

The Hanover & Hardesty Defendants contend that they are entitled to "full . . . common-law indemnity" because any of their "alleged liability . . . was secondary and passive." (Hardesty Ans. at 23). They contend that they "never performed any installation or maintenance of any equipment on the Bridge," and "there is no evidence of any negligence on the part of

---

[2] A contractual right to indemnification will be implied only "when there are unique special factors demonstrating that the parties intended that the would-be indemnitor bear the ultimate responsibility for the plaintiff's safety, or when there is a generally recognized special relationship between the parties." *Araujo*, 693 F.2d at 2-3. For example, the mere existence of a "vendor/vendee relationship, without more," does not "giv[e] rise to a contract to indemnity." *Roy v. Star Chopper Co.*, 442 F. Supp. 1010, 1019 (D.R.I. 1977) (*aff'd* 584 F.2d 1124 (1st Cir. 1978)). The party seeking an implied contractual right to indemnification must proffer evidence "establishing a special relationship between the parties." *Araujo*, 693 F.2d at 3.

4

Hardesty & Hanover." (Hardesty Opp. at 3, 4). The City of Boston contends that common-law indemnification is inappropriate because assuming that plaintiff's factual pleadings are true, the Hardesty & Hanover Defendants were primary tortfeasors. However, under Fed. R. Civ. P. 12(b)(6), the Court is required to "accept[ ] the allegations in the cross-claims as true and draw[ ] all reasonable inferences in the cross-claimant's favor." *Humes v. Farr's Coach Lines*, 2016 WL 1031320, at *2 (W.D.N.Y. Mar. 8, 2016). *See also Scheurer Hospital v. Lancaster Pollard & Co.*, 2013 WL 173268, at *1 (E.D. Mich. Jan. 16, 2013); *Leon-Figueroa v. Tropigas De Puerto Rico, Inc.*, 2010 WL 11545575, at *3 (D.P.R. Mar. 22, 2010). Under the circumstances, the Court must assume that the allegations of the cross-claims are true, and therefore will not dismiss the cross-claim on that basis.[3]

### B.     Whether the Cross-Claim States a Claim for Contribution

The Hardesty & Hanover Defendants have also filed a cross-claim for contribution. Massachusetts law provides that "where two or more persons become jointly liable in tort . . . there shall be a right of contribution among them even though judgment has not been recovered against all or any of them." Mass. Gen. Laws ch. 231B, § 1(a). The policy rationale is to counteract the "unfairness of allowing a disproportionate share of the plaintiff's recovery to be borne by one of several joint tortfeasors . . . ." *LeBlanc v. Logan Hilton J.V.*, 463 Mass. 316, 326 (2012) (quoting *Hayon v. Coca Cola Bottling Co. of New England*, 375 Mass. 644, 648 (1978). The right of contribution exists only in favor of a joint tortfeasor "who has paid more than his pro rata share of the common liability." Mass. Gen. Laws ch. 231B § 1(b). "A tortfeasor seeking contribution must meet certain statutory requirements." *Medical Prof'l Mut. Ins. Co. v.*

---

[3] Of course, the factual allegations of both the complaint and the cross-claims are inconsistent, and therefore both cannot be true. Nonetheless, for purposes of evaluating the validity of the cross-claims, the court will independently assume its allegations are true.

5

*Breon Labs., Inc.*, 966 F. Supp. 120, 122 (D. Mass. 1997) (citing Mass Gen. Laws ch. 231B, § 3). *See also Commonwealth v. Tradition (N. Am.) Inc.*, 91 Mass. App. Ct. 63, 68 (2017). As with the indemnification claim, assuming the factual allegations of the cross-claim are true, the cross-claim for contribution states a claim for relief.

### C. Whether the Cross-Claims Are Premature

Both cross-claims are contingent claims that will become ripe only if the Hardesty & Hanover Defendants are actually found liable. They are, therefore, technically premature. The Court could therefore dismiss the cross-claims without prejudice on the ground that the Hardesty & Hanover Defendants have not alleged that they have discharged a common liability, and that they can bring a separate action in the future should that contingency come to pass. *See* Mass. Gen. Laws ch. 231B, § 3(d) (providing one-year limitation period for contribution actions).

Nevertheless, it makes little sense to dismiss the cross-claims outright, only to revive them if the Hardesty & Hanover Defendants are ultimately found liable. There appears to be no requirement that indemnification and contribution cross-claims be brought in separate actions, and dismissing the claims would achieve little.

However, the cross-claims are not in fact ready to be litigated. The Court will therefore stay the cross-claims until such time as defendants are actually found liable. It is unclear what if any practical consequence will follow from the imposition of a stay, as the relative fault of the parties is surely an appropriate issue during discovery of plaintiff's claims. However, if it appears that a party seeks discovery on facts concerning only the cross-claims, the Court will entertain a motion to lift the stay or take such other action as justice may require.

## IV.     Conclusion

For the reasons stated above, the motion to dismiss of defendant the City of Boston is DENIED, and the cross-claims of defendants Hardesty & Hanover, LLP, Hardesty & Hanover, LLC, and Hardesty & Hanover Holding, LLP for indemnity and contribution are STAYED pending further order of the Court.

**So Ordered.**

Dated: October 2, 2017

s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge