UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

_____
                                    )
**MIRNA HERNANDEZ,**                )
                                    )
    **Plaintiff,**           )
                                    )
    v.                      )     Civil Action No.
                                    )     16-10797-FDS
**CITY OF BOSTON; Commissioner of** )
**Public Works JOANNE MASSARO;**    )
**Superintendent of Bridges and**   )
**Buildings FOUAD HAMZEH; BEC**     )
**ELECTRICAL, INC.; CORA OPERATIONS,** )
**LLC; CORA OPERATIONS, INC.;**     )
**ADVANCED ALARM SYSTEMS;**         )
**HARDESTY & HANOVER, LLP;**        )
**HARDESTY & HANOVER, LLC;**        )
**HARDESTY & HANOVER HOLDING, LLC;** )
**B&B ELECTROMATIC, INC; B&B**      )
**ELECTROMATIC CORPORATION; B&B**   )
**ROADWAY, LLC; and B&B ARMR,**     )
                                    )
    **Defendants.**          )
_____ )

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS

**SAYLOR, J.**

This suit arises from the tragic death of Aura Beatriz Garcia on December 31, 2013. The deceased was walking across the McArdle Bridge, a drawbridge in East Boston, when it opened and closed, causing her death. Mirna Hernandez, Garcia's sister and the personal representative of her estate, has brought suit against multiple defendants. The first amended complaint included claims under 42 U.S.C. § 1983 against the City of Boston; Joanne Massaro, the Commissioner of Public Works; and Fouad Hamzeh, the Superintendent of Bridges and Buildings.

On April 25, 2017, the Court dismissed the section 1983 claims with respect to those

defendants. The Court found that the complaint failed to plead facts that could reasonably suggest that the City of Boston's alleged failings "shock[ed] the conscience" as required by the Supreme Court in *Collins v. City of Harker Heights*, 503 U.S. 115, 126 (1992). In addition, the Court found that the pleaded facts did not characterize the individual defendants' actions or omissions as "supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference" as required for supervisory liability under section 1983. *Estate of Bennet v. Wainwright*, 548 F.3d 155, 176-77 (1st Cir. 2008).

Hernandez then submitted a second amended complaint, which was deemed filed as of July 10, 2017. (Docket No. 103). The second amended complaint dismissed claims against defendants B&B Electromatic Inc., B&B Electromatic Corporation, and B&B ARMR, and substituted B&B Roadway and Security Solutions, LLC, for B&B Roadway, LLC. Otherwise, the second amended complaint was identical to the first amended complaint, and included the section 1983 claims that were previously dismissed.

The City of Boston, Massaro, and Hamzeh have each moved again to dismiss the section 1983 claims for failure to state a claim. There are no new factual allegations in the second amended complaint that would cure the defects the Court previously identified. Accordingly, for the reasons set forth in the Court's April 25, 2017 memorandum and order, the motions of defendants the City of Boston, Joanne Massaro, and Fouad Hamzeh to dismiss Counts 9, 10, and 11 are GRANTED.

**So Ordered.**

Dated: December 14, 2017

s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge